# Bibby *v.* Bibby, Appellant.

*Husband and wife—Trusts and trustees—Proceeds of business carried on by husband—Equity.*

1. Upon a bill in equity filed by a husband to impress with a trust in his favor a certain sum of money which plaintiff's wife, since deceased, had deposited in a bank in her name in trust for their children, and in which the allegation of the bill was that a certain part of the money consisted of the proceeds of the sale of certain merchandise belonging to the husband, and the answer did not deny that the merchandise was sold and the proceeds of the sale entered into the bank deposit, but averred that the merchandise so sold was the property of the wife, a finding by the chancellor that the portion in question rightfully belonged to the husband will not be disturbed upon appeal, where the evidence showed that the business from which the merchandise was taken was carried on in a building owned by the husband and was conducted in his name, that the stock was replenished from time to time by goods purchased in his name and charged to him, and that all the usual indicia pointed to his ownership, although incidentally it showed a management and control of the business by the wife in various ways.

2. In such a case, a further finding by the chancellor that the balance of the sum deposited rightfully belonged to the husband was reversed upon appeal, where the evidence by the plaintiff, instead of discharging the burden upon him of establishing the fact

that the money deposited by the wife was his money, gave decided support to the legal presumption contained in the case, that the money was the wife's.

Argued April 4, 1913. Appeal, No. 33, Jan. T., 1913, by Matthew J. Bibby, Jennie R. Hodson, O. Rodger Melling, Guardian of the Estate of Edwin Bibby, from decree of C. P. No. 5, Philadelphia Co., March T., 1912, No. 6373, on bill in equity, in case of Thomas J. Bibby v. Matthew J. Bibby, Jennie R. Hodson, O. Rodger Melling, Guardian of the Estate of Edwin Bibby, and the Frankford Trust Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Decree modified.

Bill in equity to impress a bank deposit with a trust in plaintiff's favor. Before RALSTON, J.

The opinion of the Supreme Court states the case.

The court directed that the Frankford Trust Company pay over all of the deposit of $2,110.34 at issue to the plaintiff. Defendants appealed.

*Errors assigned* were in dismissing exceptions to the finding and to the decree of the court.

*Joseph R. Embery,* for appellants.

*Thomas F. Gain,* with him *Robert E. Erwin,* for appellee.

OPINION BY MR. JUSTICE STEWART, May 22, 1913:

The one issue in the case was as to the ownership of a certain deposit of $2,110.34 in the Frankford Trust Company, made September 7, 1911, by Jennie R. Bibby, and standing in her name "in trust for Matthew J. Bibby, Jennie R. Hodson and Edwin Bibby." Jennie R. Bibby was the wife of the plaintiff in the bill, and died some three weeks after making the deposit. The

parties for whom the trust was declared, and who were
made defendants in the bill, are children of the plaintiff
and the said Jennie R. Bibby. The bill, filed eight
months after the death of the wife, charged that the wife
and two of the defendants—the third being a minor,
represented here by his guardian—about August 2,
1911, fraudulently sold and disposed of a stock of mer-
chandise consisting of boots and shoes, plaintiff's own
property which had been left in the care and keeping
of the wife during the plaintiff's temporary absence
from his home; that the wife had received therefor be-
tween $1,000 and $1,600; that the fund of $2,100 de-
posited by the wife, consisted of the proceeds of the sale
of the stock of merchandise, "and of other funds in the
hands of his said wife accumulated from the receipts of
said shoe business and of other moneys entrusted to his
said wife." The answer did not deny that the wife had
made sale of the stock of merchandise, and it admitted
that the proceeds of such sale entered into the bank
deposit; but it distinctly averred that the stock of mer-
chandise so sold was the property of the wife, and fur-
ther averred that the excess in the deposit above the pro-
ceeds of the sale was money belonging to the wife ex-
clusively. The answer was responsive to the bill, and,
therefore, cast the burden of proof on the plaintiff. No
evidence was submitted except that offered by the plain-
tiff, and the only question before us is as to its suf-
ficiency to support the findings of the chancellor. The
trust company by its answer disavows all interest and
is, therefore, not a party to the contention. The chan-
cellor finds first, that the stock of merchandise sold by
the wife belonged to the husband; that she realized
therefrom the sum of $1,150, and that this amount so
derived entered into the deposit. While the evidence in
support of this view is not so conclusive as to put the
question of the ownership as between husband and wife
beyond debate, it is sufficient to support the finding
which is, therefore, not to be disturbed. It shows that

the business was carried on in a building owned by the husband and was conducted in his name; that the stock was replenished from time to time by goods purchased in his name and charged to him, and that all the usual indicia pointed to his ownership. Incidentally it showed such management and control by the wife, in various ways which we need not here recite, which might well be regarded as so far inconsistent with plaintiff's claim as to weaken materially the support he relies upon to show his ownership. But the chancellor has, notwithstanding, found in his favor upon this issue, and the finding having support in the evidence, it is the end of the controversy as to so much of the fund.

With respect to the excess $960.34, we have a like finding in the plaintiff's favor, but careful examination of the evidence fails to disclose anything to justify it. The finding is as follows:

"As to the balance of the fund $960.34, the answer admits that it was 'fruits of her earnings from keeping boarders and conducting a shoe store in her own name.' As the shoe store belonged to the plaintiff, the profits of the business also belonged to him, and as it was not shown what, if any part of this sum belonged to Jennie R. Bibby, the court holds that Thomas J. Bibby is entitled to the whole sum."

The bill contains no averment that any profits derived from the shoe business entered into the deposit; nor was there any evidence, even the slightest, that the business had yielded profits, or any warranting the inference that if any were yielded that they had passed into the possession of the wife. On the contrary, the evidence offered by plaintiff clearly shows that he had from time to time given unconditionally considerable sums to his wife out of his gains and earnings in other enterprises, at one time as much as $300, and at others sums smaller in amount but in the aggregate quite sufficient to explain her individual ownership of this excess, to say nothing of the claims set up in the an-

swer of separate earnings by the wife from keeping boarders. Not only so, but the evidence shows that the plaintiff recognized the ownership of this money as being in his wife by requesting loans of her with the promise to pay the money back. The showing thus made by the plaintiff himself, instead of discharging the burden that was upon him to establish the fact that the money deposited by the wife was his money, gives decided support to the legal presumption which obtains in all such cases that the money was the wife's. We see nothing in the evidence upon which this particular finding of the chancellor can rest, and under established rules it must be rejected. The third assignment of error is directed to this feature of the case and it is sustained. It follows that the decree of the court calls for amendment. As it stands it directs the trust company to pay over to the complainant, Thomas J. Bibby, the whole of said deposit of $2,110.34, together with any accumulation thereon of interest, less costs. It is now amended so as to require payment to plaintiff of $1,150 out of said deposit, together with any accumulation of interest on this sum, less the one-half the amount of costs of this proceeding; and as so amended the decree is affirmed.